IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

DAVID N. PHILLIPS.

    Plaintiff.

v.

HENRY SCHEIN, INC.,

    Defendants.

Case No. 1:18-cv-00340-CL

**ORDER**

CLARKE, Magistrate Judge.

Plaintiff David N. Phillips eeks to proceed *in forma pauperis* ("IFP") in this action. For the reasons stated below, Plaintiff's Complaint (#1) is dismissed without prejudice and with leave to refile a First Amended Complaint within thirty days of this ruling. Plaintiff's IFP application (#2) is held in abeyance and will be considered when the amended complaint is filed. Plaintiff's Motion for Pro Bono Counsel (#3) is denied.

## LEGAL STANDARD

Generally, all parties instituting any civil action in United States District Court must pay a statutory filing fee. 28 U.S.C. § 1914(a). However, the federal IFP statute, 28 U.S.C. § 1915(a)(1), provides indigent litigants an opportunity for meaningful access to the federal courts

despite their inability to pay the costs and fees associated with that access. To authorize a litigant to proceed IFP, a court must make two determinations. First, a court must determine whether the litigant is unable to pay the costs of commencing the action. 28 U.S.C. § 1915(a)(1). Second, it must assess whether the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

In regard to the second of these determinations, district courts have the power under 28 U.S.C. § 1915(e)(2)(B) to screen complaints even before the service of the complaint on the defendants, and must dismiss a complaint if it fails to state a claim. Courts apply the same standard under 28 U.S.C. § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive a motion to dismiss under the federal pleading standards, the complaint must include a short and plain statement of the claim and "contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. The Court is not required to accept legal conclusions, unsupported by alleged facts, as true. *Id*.

Pro se pleadings are held to less stringent standards than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). That is, the court should construe pleadings by pro se plaintiffs liberally and afford the plaintiffs the benefits of any doubt. *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988) (citation omitted). Additionally, a pro se

litigant is entitled to notice of the deficiencies in the complaint and the opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. *Id.*

## DISCUSSION

### 1. Plaintiff's Complaint is dismissed for failure to state a claim for relief because it does not indicate whether Plaintiff has received a Right To Sue Letter from the EEOC.

Plaintiff's Complaint alleges that he requested accommodation from his employer for a disability. He does not identify the disability, but he indicates that the defendant failed to accommodate him in the manner requested. Plaintiff alleges that, as a result of this failure, he was injured at work. It appears as though Plaintiff believes his claim arises under the Americans with Disabilities Act (ADA) for failure to accommodate a disability, but he also claims economic damages for his on-the-job injury, which would likely be a separate tort claim. It is unclear whether Plaintiff is allowed to bring such a claim, however, because he does not indicate whether he was eligible for, or actually received, worker's compensation for his injuries.[1]

However, even if the only claim brought by Plaintiff arises under the ADA, an employee must first file a charge with the Equal Employment Opportunity Commission (EEOC) before filing a complaint alleging an ADA violation against his employers. *See EEOC v. Farmer Bros. Co.*, 31 F.3d 891, 899 (9th Cir.1994) ("An individual plaintiff must first file a timely EEOC complaint against the allegedly discriminatory party before bringing an ADA suit in federal court."); *Josephs v. Pac. Bell*, 443 F.3d 1050, 1061 (9th Cir. 2006). Plaintiff has not alleged or that he filed a timely charge against his employer with the EEOC, nor has he indicated in his Complaint that he is entitled to equitable relief from this requirement. Plaintiff must cure this deficiency before his case may proceed. His Complaint is dismissed with leave to refile.

---

[1] In Oregon and California, as in most states, the statutory workers' compensation system is the exclusive remedy of an employee injured on the job against their direct employer. *See* ORS 656.018(7) and California Labor Code 3600.

Page 3 – ORDER

## 2. Plaintiff's Complaint is dismissed for lack of personal jurisdiction.

Even assuming the allegations in the Complaint state a plausible claim for relief, the Complaint does not adequately state the basis for this Court to exercise personal jurisdiction over the defendant. If Plaintiff files an amended complaint, he must cure this deficiency to avoid dismissal, as discussed below.

Where, as here, there is no federal statute governing personal jurisdiction, the law of the state in which the Court sits applies. *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1073 (9th Cir.2011); *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1320 (9th Cir.1998). Oregon's long arm statute, Oregon Rule of Civil Procedure ("ORCP") 4, extends personal jurisdiction to the extent permitted by federal due process. *Gray & Co. v. Firstenberg Mach. Co.*, 913 F.2d 758, 760 (9th Cir.1990); *Tech Heads, Inc. v. Desktop Serv. Ctr., Inc.*, 105 F. Supp. 2d 1142, 1144 (D. Or. 2000).

Federal due process requires that a nonresident defendant have "certain minimum contacts" with the forum state of such a nature that the exercise of personal jurisdiction "does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. State of Washington, Office of Unemployment Compensation and Placement*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). This constitutional test may be satisfied by showing that (1) the defendant has "substantial" or "continuous and systematic" contacts with the forum state—i.e. "general jurisdiction," or (2) there is a strong relationship between the defendant's forum contacts and the cause of action—i.e. "specific jurisdiction." *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 839 (9th Cir.1986). *See also Ziegler v. Indian River County*, 64 F.3d 470, 473 (9th Cir.1995).

In this case, Plaintiff identifies the defendant as a corporation incorporated under the laws of the State of New York, with a principal place of business in the State of California. Thus, the defendant is a "non-resident" of Oregon, and the Plaintiff must demonstrate that the Court has specific personal jurisdiction.

In order for the court to exercise specific jurisdiction, the lawsuit "must arise out of or relate to the defendant's contacts with the forum." *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty.*, 137 S. Ct. 1773, 1780, 198 L. Ed. 2d 395 (2017) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472–473 (1985); *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984). In other words, there must be "an affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation." *Goodyear*, 564 U.S., at 919, 131 S.Ct. 2846 (internal quotation marks and brackets omitted). For this reason, "specific jurisdiction is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction." *Id.* (internal quotation marks omitted).

Plaintiff must show that there is a strong relationship between his claims, and the defendant's contacts with the State of Oregon. He does not allege that he was employed by the defendant in Oregon, nor does he state whether any of the facts alleged in the Complaint took place in Oregon. Therefore, he has failed to allege sufficient facts for the Court to exercise personal jurisdiction over the defendant. If he is unable to allege such facts in an amended complaint, Plaintiff must bring his claims in a court that does have personal jurisdiction – i.e., a court in the State of California or the State of New York.

**3. Plaintiff's motion for pro bono counsel is denied.**

Generally, there is no constitutional right to counsel in a civil case. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 801 (9th Cir.1986). However, pursuant to 28 U.S.C. § 1915(e), this court has discretion to request volunteer counsel for indigent plaintiffs in exceptional circumstances. *Id.*; *Wood v. Housewright*, 900 F.2d 1332, 1335 (9th Cir.1990). While this court may request volunteer counsel in exceptional cases, it has no power to make a mandatory appointment. *Mallard v. U.S. Dist. Court of Iowa*, 490 U.S. 296, 301-08 (1989).

The Court has reviewed Plaintiff's motions and other records, and does not find the exceptional circumstances that would warrant appointment of counsel. The Court understands the difficulty of proceeding as a self-represented litigant, however, and will take a close look at the record and filings in this case, including all of the evidence submitted by the parties, and any briefs and arguments submitted by Plaintiff. The Court will also consider extending deadlines, if that would assist the Plaintiff. He should contact the Court in writing to request such an extension.

Finally, Plaintiff may request a form for an application for CM/ECF Registration, which would allow him to file documents with the Court electronically. Many self-represented litigants find this to be more efficient and convenient than filing by mail or in person. The form, as well as other information about proceeding as a self-represented litigant can also be found on the Court's website: <https://ord.uscourts.gov/index.php/2015-02-10-16-10-22/information-about-representing-yourself>.

**ORDER**

Based on the foregoing, Plaintiff's Complaint (#1) is dismissed without prejudice and with leave to refile an Amended Complaint within thirty days of this ruling. Plaintiff must cure the deficiencies identified above or his case will be dismissed. Plaintiff's IFP application (#2) is

held in abeyance and will be considered when the amended complaint is filed. Plaintiff's Motion for Appointment of Counsel (#3) is denied.

ORDERED and DATED this \_\_27\_\_ day of February, 2018.

MARK D. CLARKE
United States Magistrate Judge