IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| DAVID N. PHILLIPS, | Case No. 1:18-cv-00340-CL |
| Plaintiff, | |
| v. | OPINION AND ORDER |
| HENRY SCHEIN INC., | |
| Defendant. | |

CLARKE, Magistrate Judge.

Plaintiff David Phillips brings this cause of action against Defendant Henry Schein, Inc. alleging that the company failed to accommodate his disability during his employment in Placentia, California. After initiating this lawsuit, Plaintiff moved to Spokane, Washington. The Court granted Plaintiff appointment of pro bono counsel, and made three attempts to appoint counsel, but was unsuccessful. Plaintiff now seeks to transfer the action to the Eastern District of Washington, Spokane Division. For the reasons below, this motion (#44) is GRANTED.

## STANDARD

A motion to transfer venue is governed by 28 U.S.C. § 1404(a), which provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought[.]" The purpose of section 1404(a) is to "prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (internal citation and quotation omitted).

A motion to transfer lies within the broad discretion of the district court and must be determined on a case-by-case basis. *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000). The burden is on the moving party to demonstrate that the balance of conveniences favoring the transfer is high. *Dole Food Co. v. Watts*, 303 F.3d 1104, 1118 (9th Cir. 2002).

The court employs a two-step analysis to determine whether transfer is proper. First, the court asks "whether the transferee district was one in which the action 'might have been brought' by the plaintiff." *Hoffman v. Blaski*, 363 U.S. 335, 343-44 (1960). Second, if this threshold showing is made, the court may consider "'individualized, case-by-case consideration[s] of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Barrack*, 376 U.S. at 622). The Court's case-by-case consideration involves the assessment of a number of factors, such as (1) the plaintiff's choice of forum; (2) the convenience of the parties; (3) the convenience of the witnesses; (4) ease of access to the evidence; (5) familiarity of each forum with the applicable law; (6) feasibility of consolidation of other claims; (7) any local interest in the controversy; and (8) the relative court congestion and time of trial in each forum. *Jones*, 211 F.3d at 498-99.

## DISCUSSION

I.  **This case could have been brought in the Eastern District of Washington.**

Because section 1404(a) only allows transfer to another district where the action might have been brought, the Court must first determine whether this case could have been brought in the Eastern District of Washington. Venue is proper in any judicial district where (1) a defendant resides, as long as all defendants are residents of the state in which the district is located; (2) a substantial part of the events or omissions leading to the claim or claims occurred, or where a substantial portion of the property subject to the action is located; or (3) if no other district exists, a district where the defendant or defendants are subject to the court's personal jurisdiction. 28 U.S.C. § 1391(b).

Here, all of the events or omissions leading to the claim or claims occurred in California. Plaintiff contends that Defendant is "ranked at #238 on the fortune 500 list" and will "have no problem with the transfer." Defendant makes no argument concerning whether Henry Schein, Inc, may be considered to "reside" in either the District of Oregon or the Eastern District of Washington. There is no indication by either party regarding whether Defendant is subject to personal jurisdiction in either district. Therefore, the Court considers the defense of personal jurisdiction to be waived. Because the Defendant is subject to personal jurisdiction in the Eastern District of Washington, this action could have been brought in that district.

II.  **Considerations of convenience and fairness militate in favor of transfer.**

   a.  **Neutral factors**

At the outset, the Court notes that most of the applicable factors are neutral or irrelevant. First, the Court is unaware of any pending claims that may be consolidated with this case. Second, the Court has been presented with no evidence to suggest the Eastern District of Washington is any more or less burdened by its caseload than is this District, nor should it be any

more or less familiar with the applicable law. Third, because the events at issue in this case took place in Placentia, California, ease of access to the evidence[1], and any local interest in the controversy will not be any greater or less in Spokane, Washington than it would be in Medford, Oregon.

Defendant argues that the convenience of the witnesses weighs against transfer, but it did not present any cognizable reason for why Medford, Oregon should be any more convenient for witnesses located over 700 miles away in Southern California. Medford might be closer in actual geographic distance to Placentia, but getting on an airplane from Los Angeles to Spokane is just as easy as getting on one to Medford. Additionally, there are no facts to suggest that the District of Oregon could compel unwilling non-party witnesses to travel to testify with more ease or success than the Eastern District of Washington, nor that such travel would be more or less expensive.

Therefore, these factors do not weigh into the Court's analysis.

### b. Remaining factors weigh in favor of transfer.

The only remaining factors are (1) the plaintiff's choice of forum; and (2) the convenience of the parties. Defendant argues that Plaintiff's choice of forum should not be weighed as heavily because he seeks to transfer the case out of the district that he originally chose, and the operative facts in the case did not occur in the Eastern District of Washington. The Court does not find these arguments persuasive.

Plaintiff initially filed his Complaint in this district because he was residing in Southern Oregon. He now resides in Spokane, and he believes he will be able to find representation more

---

[1] Additionally, ease of access to evidence is generally not a predominate concern in evaluating whether to transfer venue because 'advances in technology have made it easy for documents to be transferred to different locations.'" *Byler v. Deluxe Corp.*, 222 F. Supp. 3d 885, 906-07 (S.D. Cal 2016) (quoting *Metz v. U.S. Life Ins. Co. v. City of New York*, 674 F. Supp. 2d. 1141, 1148 (C.D. Cal. 2009)).

easily if the case is local to his current residence. Therefore, Plaintiff's choice of forum and the convenience of Plaintiff weigh in favor of transfer.

There are no facts in the record to suggest that transfer would be burdensome for Defendant, nor that Medford, Oregon is a more convenient location than Spokane, Washington for Defendant. If Plaintiff can find local counsel to assist him with this case, that would likely be beneficial for both parties. Therefore, these factors weigh in favor of transfer.

## ORDER

Plaintiff's motion (#44) is GRANTED. The Clerk shall transfer this case to the Eastern District of Washington, Spokane Division.

ORDERED and DATED this ___7___ day of October, 2019.

MARK D. CLARKE
United States Magistrate Judge